JULIUS L. NEIDLE, as Remaining Executor of HENRY S. ROSEN-
WALD, Deceased, Appellant, *v.* PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Respondent.

Argued February 22, 1949; decided April 14, 1949.

*Paul O'Dwyer, Julius L. Neidle* and *David Drucker* for appellant. I. The military clause of the policies did not exempt the insurance company from liability for accidental death if such death did not result from insured's participation in military action. (*Aschenbrenner* v. *United States Fidelity & Guar. Co.,* 292 U. S. 80; *Atkinson* v. *Indiana Nat. Life Ins. Co.,* 194 Ind. 563; *Equitable Life Assur. Soc.* v. *Dyess,* 194 Ark. 23; *Hartol Products Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44.) II. Insured's death did not result from his participation in military service in time of war or from a state of war within the fair intendment of the exclusion clause. (*Kelly* v. *Fidelity Mut. Life Ins. Co. of Phila.,* 169 Wis. 274; *Johnson* v. *Mutual Life Ins. Co.,* 154 Ga. 653; *Young* v. *Life & Cas. Co. of Tenn.,* 29 S. E. 2d 482; *Malone* v. *State Life Ins. Co.,* 202 Mo. App. 499; *Atkinson* v. *Indiana Nat. Life Ins. Co.,* 194 Ind. 563; *Smith* v. *Sovereign Camp W. O. W.,* 28 S. E. 2d 808; *Mattes* v. *Merchants Reserve Life Ins. Co.,* 221 Ill. App. 648; *Lee* v. *Guardian Life Ins. Co.,* 187 Misc. 221, 267 App. Div. 985; *Funk* v. *New York Life Ins. Co.,* 186 Misc. 449; *Clapper* v. *Aetna Life Ins. Co.,* 157 F. 2d 76.)

*Merwin F. Le Vine* for respondent. Defendant's evidence established that insured's death resulted from participating in military service in time of war, or from a state of war. (*Hooker* v. *New York Life Ins. Co.,* 161 F. 2d 852; *Selenack* v. *Prudential Ins. Co.,* 160 Pa. Superior Ct. 242; *Eggena* v. *New York Life Ins. Co.,* 236 Iowa 262; *Railey* v. *United Life & Accident Ins. Co.,* 26 Ga. App. 269; *Stankus* v. *New York Life Ins. Co.,* 312 Mass. 366; *Johnson* v. *Travelers Ins. Co.,* 269 N. Y. 401; *Drilling* v. *New York Life Ins. Co.,* 234 N. Y. 234; *Bergholm* v. *Peoria Life Ins. Co.,* 284 U. S. 489.)

FULD, J. Sergeant Henry Rosenwald, an American soldier, met death in Italy during the war and while military operations were in progress. He was assigned, at the time, to the Advance Documents Section of Fifth Army Intelligence, and, as part of

his military duties, interviewed captured enemy soldiers at forward area prisoner of war cages. On October 27, 1944, Rosenwald, returning from such a mission to his headquarters in Florence, was killed when the jeep in which he and other military personnel were traveling collided with an army ammunition truck. The War Department reported that his death '' occurred in the line of duty, while riding in a government vehicle, while engaged in the execution of military duty.''

Upon receiving proof of death, defendant insurance company paid the face amount of three policies issued to Rosenwald in 1939 and 1940. Rosenwald's executor claimed that, death having been accidental, double indemnity benefits were due under the policies, and brought suit to enforce payment. The defense was that such benefits were excluded by the terms of the policies because the insured's '' death resulted * * * from participating * * * in military or naval service in time of war''. On that ground, the court at Special Term awarded summary judgment in defendant's favor and the Appellate Division unanimously affirmed. The importance of the decision, its far-reaching consequences, moved us to grant leave to appeal.

Military service in wartime engenders mortal risks from many quarters apart from enemy bombs, shells and bullets, and an insurer is privileged to protect itself from those broader risks. It may write its contracts to exclude from accidental death benefits all those who don the uniform and embrace military status in time of war, regardless of how they die, and, if words expressive of that meaning are chosen, the courts will not hesitate to enforce them.

The clause with which we are concerned, however, is not a status provision; it requires a causal link between military service and the insured's death. In the aspect presently pertinent, the proviso bars accidental benefits only if '' death resulted * * * from participating '' in military service in time of war. While that language, of course, excludes from double indemnity coverage death on the fighting line, in actual combat, it is equally clear that it also excepts therefrom violent death under other circumstances. The proviso, given fair and reasonable construction, encompasses those cases where

death results from an accident made more probable and more likely by the demands and hazards of military service. Although the test to be applied defies precise and hairline definition, it may be stated in round terms in this way: If the fatal hazard was one incidental to military training, to military movement or to military operations, death may be said to have resulted from participating in military service in time of war.

That test applicable, it is evident that Rosenwald died of an excluded cause. His death occurred in a zone of military operations at a time when he was subject to military discipline, while he was carrying out assigned duties, and, indeed, at the very moment when he was participating in the military effort as a soldier. Whether a different result would be reached if the fatal accident occurred while the insured was neither engaged in performing his duties nor subject to army orders and discipline, we need not now decide. The case would perhaps be different if, for instance, death resulted while the insured, though in military service, met death while on a furlough, under conditions having nothing to do with the war effort. It is sufficient for present purposes to say that, since Rosenwald was on a military mission in a military situation when he died, his death resulted from participating in military service in time of war.

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur.

Judgment affirmed.