In the Matter of Benjamin Blum et al., Petitioners, v. Armand D'Angelo, as Commissioner of the Department of Water Supply, Gas and Electricity of the City of New York, et al., Respondents.— None of the vacation work of Plunkett, Tortorelli and Walsh was such that it would or might be subject to city inspection or approval. The determinations of the respondent Commissioner that these petitioners were guilty of a violation of the Code of Ethics are not sustainable on the theory that they did engage in certain vacation time electrical work upon an installation or project which would or might later require approval or inspection by their coemployees or by a city department in which they were working, in which they might be assigned to work or in which they might have influence. Thus, the facts as set out in the respective decisions of the hearing officer or Commissioner do not sustain the finding of their guilt. Moreover, in holding Plunkett and Tortorelli guilty, the Commissioner specifically stated that he relied upon a certain Board of Ethics decision,

the purport of which, as stated therein, was that vacation work of electrical inspectors may violate the Code of Ethics in that such work "may subsequently require City approval or inspection, and the City employee, his co-employees or the agency may have to pass upon this work to determine if it is in compliance with specified City requirements." It is a general rule of administrative law that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis". (*Securities Comm. v. Chenery Corp.*, 332 U. S. 194, 196; see, also, 2 Davis, Administrative Law, § 16.12, p. 483.) Nor will it "do for a court to be compelled to guess at the theory underlying the agency's action" (p. 197). We have noted the argument of the Corporation Counsel that, in any event, there was an obvious potential conflict and a violation of the Code of Ethics by all of the petitioners in that they did perform or were liable to be assigned by the Joint Industry Board to perform vacation work for contractors who might very well in the future engage in installations which the petitioners, their coemployees or their department would be called upon to inspect. But it does not appear here that the determinations of guilt of the petitioners Plunkett, Tortorelli and Walsh were premised upon any such theory; and this court should not in the first instance adopt as a basis for guilt a theory which does not appear to be embraced within the findings of the hearing officer or the Commissioner and which may not have been considered by the latter. (See, further, *Securities Comm. v. Chenery Corp.*, 318 U. S. 80, 88, 95.) On the remand in the cases of Plunkett, Tortorelli and Walsh, the respondent Commissioner may hold such further hearings and take such further proofs, if any, as he may deem necessary or proper, and thereupon he may make such findings and determinations as are warranted by the record. Settle order on notice. Concur— Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.