## SECOND DEPARTMENT, July, 1964

### (July 1, 1964)

In the Matter of ATLANTIC BEACH TOWERS CONSTRUCTION CO., INC., Respondent, v. WALTER G. MICHAELIS et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Appellants, and JAY WEIL et al., on Behalf of Themselves and on Behalf of All Other Owners of Property in Atlantic Beach, Nassau County, et al., Similarly Situated, Intervenors-Appellants.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to review and to annul a determination of the Board of Zoning Appeals of the Town of Hempstead, which denied petitioner's application for a special use permit to build a hotel with parking facilities upon property of which it is the contract vendee, the Board of Zoning Appeals and the intervenors Jay Weil, 667 Ocean Avenue Corp., and the Incorporated Village of Atlanic Beach appeal from an order of the Supreme Court, Nassau County, entered January 7, 1963 upon the court's decision, which: (a) annulled the determination of the Board of Zoning Appeals;

(b) granted petitioner's application for a special use permit subject to certain stated conditions; and (c) remitted the matter to the board for the sole purpose of determining whether compliance with such conditions has been effected. Order reversed on the law and the facts, without costs, and determination of the board confirmed, without costs. Findings of fact contained or implicit in the Special Term opinion which may be inconsistent herewith are reversed, and new findings are made as indicated herein. While the instant appeal was pending, the parking requirements and restrictions of the ordinance, insofar as they relate to hotels, beach and cabana clubs, were substantially amended by the Town Board. The result of such amendments is that the hotel proposed by the petitioner cannot comply with the ordinance now in effect. Parties obtain no vested rights in orders which are subject to review. Hence, this appeal must be decided upon the basis of the ordinance as it now exists (*Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494; *Matter of Town Bd. of Town of Huntington* v. *Plonski,* 13 A D 2d 704, affd. 10 N Y 2d 1035). In view of the provisions of the present ordinance, we must reverse the Special Term's order and confirm the board's determination. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.