In the Matter of MARION E. GOLISANO, Appellant, *v.* TOWN BOARD OF THE TOWN OF MACEDON, Respondent.

Fourth Department, December 5, 1968.

*Francis G. Hessney* for appellant.

*Maurice E. Strobridge* for respondent.

GOLDMAN, J. In this article 78 proceeding seeking annulment of the denial by the Macedon Town Board of a four-unit mobile home park permit, petitioner appeals from an order which dismissed as a matter of law her petition to annul respondent board's determination.

Petitioner is the owner of approximately 24,000 square feet of land on an old abandoned school site which is in a commercially zoned area. The property is adjacent to one large trailer park and fronts on a second trailer park. The chronology of events is revealing, and, considering that an administrative agency is a quasi-judicial body and an arm of justice, rather disturbing. On August 8, 1965, petitioner requested a permit for a four-unit mobile home park and submitted general plans of an engineering firm. The respondent board took no action whatsover upon the application and petitioner was required to secure an order to show cause which resulted in an order directing the board '' to proceed forthwith to call for and properly publish and post the required notice for a public hearing ''. Respondent board then, on June 9, 1966, 10 months after the application for the permit, held a public hearing which, even at that late date, was legally insufficient because it was held in conjunction with another hearing regarding an amendment to the Trailer Park Ordinance. At that hearing the ordinance relating to trailer parks was amended to require a minimum of 20,000 square feet for each mobile home unit, thus effectively making academic any application by one who owned a total of only 24,000 square feet. It should be noted that, prior to the amendment, the ordinance required only 3,000 square feet per trailer, and the two other larger trailer sites were operating under that requirement.

Petitioner was again compelled to resort to the court to secure a hearing and again the board was ordered to hold a hearing, which took place on September 14, 1966. No action

was taken and the board decided that a third hearing should be had. Once again petitioner was required to obtain a court order enjoining further delay and directing respondent to decide the matter. Demonstrating for the first time any semblance of timeliness, the board promptly denied petitioner's application. The grounds of denial were numerous but without merit and need not be specified other than to indicate that they involved, among other alleged deficiencies, the failure to show on the plans that various sanitation, sidewalk, water supply, electrical service and other facilities would meet various code requirements. It is significant that although the board recited some 15 grounds for the denial of the application, it made no reference in any of its so-called findings to the requirement of 20,000 square feet for each trailer. "The board purported to act upon the basis of the personal knowledge of its members but the facts * * * were not disclosed in the return." (*Matter of Holmes & Murphy* v. *Bush,* 6 A D 2d 200, 203.) The conclusory statements that public health, morals, safety, and general welfare will not be promoted by granting the permit have no support in the record and should be disregarded. (*Matter of Barry* v. *O'Connell,* 303 N. Y. 46, 51.)

The decision of the court is no more tenable than that of the board, although for entirely different reasons. The court adopted the view that the mobile home park could not be constructed in accordance with the amendment of June 9, 1966 which set forth a 20,000-square foot requirement for each trailer as opposed to a 3,000-foot requirement at the time of petitioner's application. In other words, the court considered this as a case of an intervening amendment and relied on the well-known principle that a case must be decided upon the law as it exists at the time of decision. However, the amendment antedated by six months the decision of the administrative agency and, accordingly, this case does not fit the pattern of those where the amendment followed the determination from which an appeal was taken (*Strauss* v. *University of State of N. Y.,* 2 N Y 2d 464; *Matter of Paliotto* v. *Dickerson,* 22 A D 2d 929; *Matter of Atlantic Beach Towers Constr. Co.* v. *Michaelis,* 21 A D 2d 875).

More important, the court, when it relied on the amendment as the ground for denial of the permit, ostensibly disregarded all of the board's reasons for denial. A court may not affirm administrative action by substituting its own premises in sustaining that action instead of those which served as the basis of the agency's action. "A reviewing court, in dealing with a determination * * * which an administrative agency alone

is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." (*Securities Comm. v. Chenery Corp.*, 332 U. S. 194, 196; *Burlington Truck Lines v. United States*, 371 U. S. 156, 168–169; *Matter of Barry v. O'Connell*, 303 N. Y. 46.)

It seems clear from this record that the board purposefully delayed its decision while awaiting the adoption of an amendment which it designed to make the application a nullity. Thereupon it compounded its questionable action by trying to conceal the obvious and by groping for all kinds of reasons for denial, insufficient though they were. The result is a disregard of petitioner's rights, an abuse of administrative procedure, and gives the appearance of a submission to an ulterior motive (*Matter of Calton Court v. Switzer*, 221 App. Div. 799). This is a case where the so-called "special facts exception" to the majority rule should control so that the law as changed does not apply and the arbitrary action of a board may not prevail. (See 3 Univ. of San Francisco L. Rev. 124, 136–137; *Matter of Dubow v. Ross*, 254 App. Div. 706.) Although *Matter of Jayne Estates v. Raynor* (22 N Y 2d 417) dealt with the question of variance, the statement at page 422—"Thus, a strictly applied good faith test should be sufficient to deal with the problem"—aptly expresses a guideline for our determination.

The decision of the board cannot be sustained on the present record and should be annulled. We do not, however, have before us the petitioner's plans and specifications and cannot determine whether they sufficiently meet the original ordinance's requirements and code provisions without reference to the amended ordinance. We, therefore, reverse the order, annul the board's determination, set aside the board's findings relating to the plans, and remit the matter to the Town Board for a prompt reconsideration of the application in the light of what we have written. If it should be determined that additional plans are required, petitioner should be given a reasonable time to provide the board assurance of compliance with prospective requirements.

Bastow, P. J., Del Vecchio, Marsh and Witmer, JJ., concur.

Order unanimously reversed with costs, determination annulled, and matter remitted to the Town Board of the Town of Macedon for further proceedings in accordance with the opinion by Goldman, J.