■ In the Matter of RUTH A. HARTMAN, Appellant, v. DANIEL JOY, as Commissioner of Housing and Development Administration, Department of Rent and Housing Maintenance, Office of Rent Control, Respondent, and EMPIRE REALTY COMPANY, Intervenor-Respondent.— Judgment, Supreme Court, New York County, entered January 21, 1974, dismissing the petition of the tenant in this article 78 proceeding to review the determination of the respondent Commissioner, holding on the landlord's protest, that the appellant's apartment was vacancy decontrolled, unanimously reversed, on the law, without costs and without disbursements, and vacated, the landlord's protest denied, the petition granted, respondent-respondent's determination dated September 19, 1973 annulled and the District Rent Director's notice of disposition, holding that the housing accommodation was subject to rent control and establishing the legal maximum rent, reinstated. In 1972, the petitioner leased an apartment from the intervenor landlord at $350 a month as if the apartment were decontrolled. The apartment involved had been vacant since 1969, and before that the legal maximum rent was $152.06. The landlord had intended to convert the entire building to commercial use under the rent law and regulations. The building contained 36 units, and there were perhaps a half dozen empty apartments at the time the vacancy decontrol law became effective on June 30, 1971. The law provided that housing accommodations are not subject to control "which *become* vacant " (italics added), without any predatory practices on behalf of the landlord. (L. 1974, ch. 576, § 1.) The city Rent, Eviction and Rehabilitation Regulations thereafter implemented this provision to the effect that "housing accommodations *which became vacant on or after June 30, 1971* by voluntary surrender of possession " (italics supplied) shall no longer be controlled. (New York City Rent Eviction and Rehabilitation Regulations, § 2 subd. f, par. [17].) The landlord, who at all times acted in good faith, inquired of the Deputy Commissioner of the Office of Rent Control as to whether the vacant apartment could now be rented free of controls, and the determination was that unless the landlord had deliberately and willfully warehoused apartments and withheld them from the rental market (unlike our situation) prior to June 30, 1971, there would be decontrol, and the landlord could have the benefit of the decontrol law. The tenant commenced a proceeding some six months after she rented the apartment in 1972, contending that it was still subject to control, and an order issued in her favor fixing the maximum rent at $152.06. The landlord protested, and the Commissioner held in its favor. He based his decision on the fact that the apartments became vacant through proper legal procedure and not simply by withholding them from the market, and further that the landlord had acted on the advice of the former Deputy Commissioner, and it was his conclusion that this determination would encourage the retention of sound housing in the residential sector. While reliance on the determination of the Deputy Commissioner confirms the admitted good faith of the landlord, there can be no estoppel against a proper interpretation of the appropriate statute. (See *Matter of Albert Simon, Inc.* v. *Myerson,* 44 A D 2d 245, 246.) The language of the statute is clear and unambiguous in referring to decontrol for accommodations which became vacant in the future. (See *Matter of Capone* v. *Weaver,* 6 N Y 2d 307, 309.) Admittedly, this apartment was vacant prior thereto. While surrounding circumstances are to be considered, *Matter of Capone* v. *Weaver*

(*supra*), they do not in this case alter the situation. The petitioner having vacated her apartment in February, 1974, this apartment is clearly now decontrolled, and the landlord contends that the appeal is now moot. The petitioner, in turn, argues that she has commenced a damage action in the Civil Court for the previous rental overcharges, and therefore a determination is necessary. (Cf. *Blye* v. *Globe-Wernicke Realty Co.*, 33 N Y 2d 15, 18.) The reference to the Civil Court action, while it is dehors the record, is a matter of which we can take judicial notice. Besides, it is accurate information and a public record, and would help to speed resolution of the situation. (See *Crawford* v. *Merrill, Lynch, Pierce, Fenner & Smith*, 35 N Y 2d 291, 299.) Concur — McGivern, P. J., Kupferman, Lupiano and Yesawich, JJ.