■ In the Matter of STERN, SIMMS & STERN, Appellants, v DANIEL W. JOY, as Acting Commissioner of the Department of Rent and Housing Maintenance, Respondent.—Judgment, Supreme Court, New York County, entered April 2, 1975, dismissing the petition, reversed, on the law and vacated, and the matter remanded to the Commissioner for further proceedings, without costs or disbursements. Stern, Simms & Stern is a partnership which owns premises known as 6 East 79th Street in New York City. Clare Simon entered into a lease agreement in 1961 with the landlord, which agreement was to expire in September, 1966. The tenant has continued in occupancy to date together with her two daughters. In 1972, the landlord filed an application to decontrol the Simons' apartment pursuant to section 2 (subd f, par [15]) of the New York City Rent Eviction and Rehabilitation Regulations. In summary, that regulation provides that, as of October 1, 1968, an unfurnished apartment may be decontrolled if the rent was $250 or more per month as of April 1, 1965. An exception was created for those apartments which met the above requirements but which were occupied by a tenant whose household consisted of *four or more related persons*, the allowable relationships being spelled out in another subdivision of the regulation. Section 2 (subd f, par [15]) deemed a single head of household or single parent to be two people for the purposes of that section. The landlord's application was denied, since the premises were occupied by four people, as defined in section 2 (subd f, par [15], cl [c]). The landlord then applied for decontrol of the apartment pursuant to section 2 (subd f, par [14]) of the regulations, which provided for decontrol of an unfurnished apartment as of April 1, 1965 if rents were $250 per month or more as of April 1, 1960. This section also carved out an exception for households of four people or more but did not count a single head of household or parent as two people. The District Rent Director found in favor of the landlord but, on protest, the Commissioner found in favor of the tenant reasoning that the *definition of single head of household or parent found in section 2 (subd f, par [15], cl [c]) is applicable to section 2 (subd f, par [14], cl [c]).* We are in agreement with Special Term that section 2 (subd f, par [14], cl [c]) is unequivocal and unambiguous and that it was improper for the Commissioner to "interpret" that regulation as he did *(Matter of Hartman [Joy],* 47 AD2d 624). However, we find that Special Term was in error in finding a different rationale for sustaining the Commissioner's determination; namely, a quasi-Statute of Limitations found in subdivisions (c) and (d) of section 42 of the regulations. A court reviewing a determination of an administrative agency must judge the propriety of that determination solely upon the grounds invoked by the agency, and the court is powerless to affirm the agency through reasoning it deems more appropriate *(Matter of Blum v D'Angelo,* 15 AD2d 909; cf. *Matter of Hartman [Joy],* 47 AD2d 624). We have accordingly remanded this proceeding to the Commissioner for a determination of the tenant's protest on other factual or legal grounds than those of the original determination. Concur—Stevens, P. J., Lane and Nunez, JJ.; Kupferman and Murphy, JJ., dissent and vote to affirm on the opinion of Helman, J., at Special Term.