■ In the Matter of NEWPORT ASSOCIATES, INC., Respondent, v NATHAN LEVENTHAL, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.—Judgment, Supreme Court, New York County, entered on April 1, 1975, affirmed, without costs and without disbursements,

on the opinion of Callahan, J. Concur—Kupferman, Murphy, Lupiano and Tilzer, JJ.; Stevens, P. J., dissents in the following memorandum: I dissent and would reverse the judgment appealed from and dismiss the petition. What the landlord here did was merely renovate already existing but uninhabitable housing accommodations. Vacancy decontrol clearly applies only to "housing accommodations which become vacant on or after June 30, 1971 by voluntary surrender of possession" (New York City Rent, Eviction and Rehabilitation Regulations, § 2, subd f, par [17]). It appears that the entire fifth floor of the premises had been vacant since the early 1960's because of fire damage and remained unoccupied until May 1, 1972, when they were barely restored to habitability by the landlord, who acquired the building in 1969. This is in sharp contrast to the landlord's initial claim, in its report on statutory decontrol, that the apartment in question had been vacated by a former tenant on November 1, 1971. As then Justice (now Chief Judge) Breitel stated in *Matter of Fiesta Realty Corp v McGoldrick* (284 App Div 551, 556): "One-time housing that is in *nonuse* is not devoted to a nonhousing use. In a situation such as this, it is the last use that determines the character of the building. The tenement in question remained tenement housing even if its condition was so dreadful that neither its owners nor the appropriate regulatory authorities would permit it to be used to house human beings (Semble, in accord: *Matter of Paikoff v McGoldrick,* 280 App Div 996 [2d Dept.].)" While that decision predated the era of vacancy decontrol, I think the reasoning is still valid. Moreover, the terms of the vacancy decontrol statute are clear and unambiguous and, while surrounding circumstances are to be considered, they do not alter the situation in this case *(Matter of Hartman v Joy,* 47 AD2d 624).