Chief Judge Breitel
(dissenting). I dissent and vote to affirm the order of the Appellate Division.
Of course, the courts of this State, by invocation of various equitable doctrines, have denied local authorities the benefit of delaying action on a building or other permit while zoning laws were changed to justify denial of the permit. Generally, the delay has been manipulative, the product of malice, oppression, or even corruption (see, e.g., Matter of Golisano v Town Bd. of Town of Macedon, 31 AD2d 85, 88; Matter of Dubow v Ross, 254 App Div 706, 706-707).
In every case, the applicant has been worthy and he has been mistreated by the bureaucracy, at the worst, corruptly or maliciously and, at the best, negligently (see Matter of Our Lady of Good Counsel R. C. Church & School v Ball, 45 AD2d 66, 73, affd 38 NY2d 780). In this case the positions are reversed. The local officials have been trying to control a difficult housing, sanitary, and ecological condition in a village on Fire Island. Petitioner, on the other hand, has shown a complete lack of good faith (see Matter of Jayne Estates v Raynor, 22 NY2d 417, 422-423). He has been a violator of the town’s ordinances and makes an application for an expansion *774 of his home that is economically and practically reasonable only if he contemplates future violations. He has only recently married; yet he applied for a permit to build a fifth, and at one time a sixth, bedroom, a den, and an extra bath. His prior violations related to his operating a rooming house of a sort for so-called "groupers” with shared "investment” and shared expenses.
The doctrines of vested rights or estoppel—really estoppel— rest in the equity and justice jurisprudence of a court. They should not be invoked on behalf of one who himself deserves no relief at the hands of a court of equity. Moreover, petitioner has made no investment in reliance upon the old law or upon his expectation of receiving a permit. This is often held to be the basis for a "vested right” or the change of position on which to ground "estoppel” (Matter of Jayne Estates v Raynor, 22 NY2d 417, 422-423, supra).
The short of it is that the majority to a degree correctly states the applicable rule suspending the effectiveness of otherwise governing current law, but omits the balancing equitable considerations which have engendered the rule. The result is to turn a court-created engine of justice into a tool for the malefactor.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Judges Wachtler, Fuchsberg and Cooke concur with Judge Gabrielli; Chief Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Jasen and Jones concur.
Order reversed, with costs, and judgment of Supreme Court, Suffolk County, reinstated.