OPINION OF THE COURT
Israel Rubin, J.
The petitioner Jacob Jesselli brings this CPLR article 78 proceeding to vacate the respondents’ determination denying petitioner’s application for retirement benefits.
The petitioner was discharged from city service due to his involvement in a criminal conspiracy and criminal possession of stolen goods resulting in his conviction. Petitioner applied for military veterans’ retirement benefits, pursuant to subdivision 2 of section B3-36.0 of the Administrative Code of the City of New York, which states as follows: “2. Notwithstanding any. other provisions of this section or the provisions of any other section of the code to the contrary, a member who is an honorably discharged member of any branch of the armed forces of the United States, having served as such during the time of war and who has attained the age of fifty years, may retire upon his own request upon written application to the board setting *1065 forth at what time not less than thirty days subsequent to the execution and filing thereof his desires to be retired, provided that such member at the time so specified for his retirement shall have completed at least twenty-five years of allowable service. Upon retirement such member shall receive an annuity of equivalent actuarial value to his accumulated deductions, and, in addition, a pension which is the actuarial equivalent of the reserve-for-increased-take-home-pay to which he may then be entitled, if any, and, in addition, a pension beginning immediately, having a value equal to the present value of the pension at the beginning of his previous minimum age of service retirement that would be payable to him at such age for the period of service creditable to him at the time of such retirement, provided, however, that the said member on making application for retirement shall pay into the retirement fund a sum of money which calculated on an actuarial basis, together with his prior contributions and other accumulations in said fund then to his credit, shall be sufficient to entitle the said member to the same annuity, pension-providing-for-increased-take-home-pay, if any, and pension that he would have received had he remained in the service of the city until he had attained the age at which he otherwise would have become eligible for retirement.”
The application for retirement benefits was denied on the grounds that (1) the Korean conflict does not qualify as a “time of war”, and (2) the petitioner was fired for cause prior to his retirement date. In the answer a third ground is set forth; that petitioner’s discharge under honorable conditions does not qualify as an “honorable discharge”.
The test on judicial review of the decision of an administrative body is to determine whether its action was arbitrary or capricious. Did its determination have a rational basis? (Matter of Colton v Berman, 21 NY2d 322.)
The court will deal separately with each of the three grounds for denial of petitioner’s application.
THE KOREAN CONFLICT
This court had thought that the issue of the Korean conflict was put to bed a long time ago, but again finds itself called upon to decide if there is a rational basis for an *1066 administrative agency’s finding that the Korean conflict was not a “time of war”.
Subdivision 2 of section B3-36.0 of the Administrative Code was enacted prior to the Korean conflict and evidently has been applied by the Retirement System only to military service during either the First or Second World Wars. However, the court cannot agree with the limited interpretation of the respondent in its definition of what is a “time of war”. The Administrative Code which provides for a military veterans’ pension contains no definition which would limit the applicability of its terms. The term “time of war” is clear and unambiguous. It has consistently been held that although there was never a congressional declaration of war with regard to the Korean controversy, service during that period was in a “time of war”. War is an existing fact and not a legislative decree. A state of war may in fact exist without a formal declaration (Youngstown Co. v Sawyer, 343 US 579; Western Reserve Life Ins. Co. v Meadows, 152 Tex 559). The term “time of war” must be accepted in its plain ordinary and generally accepted meaning. To the 128,000 American casualties and their families, the Korean battleground, whether it be called a “conflict” or “war”, was war in fact (Wilkinson v Equitable Life Assur. Soc., 2 Misc 2d 249).
It is the respondent’s further contention that the statute should not be given prospective meaning and should be confined to the wars immediately prior to its enactment. Respondent bases its argument upon the failure of the Legislature to amend subdivision 2 of section B3-36.0 to include the Korean War even though other statutes were so amended. However, the statutes cited such as former section 21 of the Civil Service Law (as amd by L 1951, ch 498; now Civil Service Law, § 85) enumerated specific war periods. To include the Korean period necessitated an additional enumeration. The broad terminology in the code “time of war” encompassed all wars and made an amendment unnecessary. It extends its benefits to those who served during any war (see 1951 Opns Atty Gen 112).
petitioner’s discharge
While respondent did not originally claim that petitioner’s discharge “under honorable conditions” is less than an *1067 “honorable discharge” so as to constitute an additional reason for the rejection, such contention is made in the answer. It is questionable whether this contention is viable since it is not contained in the letter citing the reason for denying petitioner’s claim. The propriety of the actions of an administrative agency is to be judged solely on the grounds invoked by the agency and not on different grounds subsequently thought to be more adequate (Blum v D’Angelo, 15 AD2d 909; Matter of Bar Harbour Shopping Center v Andrews, 23 Misc 2d 894).
Moreover, while a general discharge under honorable conditions is less than an honorable discharge, it is not a punitive discharge. It does not deprive a serviceman of any inherent rights provided for those who receive honorable discharges. The discharge of a serviceman pursuant to a general discharge under honorable conditions does not deprive him of any property rights (Crawford v Davis, 249 F Supp 943, cert den 383 US 921; 6 CJS, Armed Services, §83).
This is further illustrated in chapter 211 (Veterans’ Preference) of the Federal Personnel Manual, in subchapter 2 (Entitlement to Preference), which grants preference to veterans in Federal employment. Pursuant to the definition in the manual, a “Veteran” is defined as a person who was separated with an honorable discharge or under favorable conditions from active duty in the Armed Forces. A “Discharge under honorable conditions” is defined as “an honorable discharge or a general discharge from the armed forces.” Subchapter 7, which explains how to adjudicate a claim for veterans’ preference defines a “General discharge” as a discharge granted under honorable conditions.
The court cannot find any authority whereby a serviceman was deprived of any benefits because he was granted a general discharge under honorable conditions.
It should also be noted that the aforesaid manual provides the same benefits for servicemen who served in the Armed Forces during the “Korean conflict” as for those who served during the World Wars.
*1068 petitioner’s dismissal for cause prior to.retirement
The failure of petitioner to submit his application for veterans’ retirement benefits prior to his dismissal has no effect on eligibility.
The court can understand respondent’s position to deny benefits to someone found guilty of criminal conspiracy and criminal possession of stolen property. However, the Legislature has shown no intent to deny veterans’ benefits to those discharged for misconduct. While it may be difficult to accept the result, a change in statute should come from the Legislature and not the courts (Matter of Rapp v New York City Employees’ Retirement System, 42 NY2d 1). It should be noted that the Rapp ease was decided in June, 1977 and while respondent would like to see a change in the statute, no such amendment has been passed by any subsequent Legislature.
conclusion
Petitioner has met all the statutory requirements ([1] a member of the retirement system, [2] an honorable discharge, [3] having served in time of war, [4] who has attained the age of 50 years, and [5] who has completed at least 25 years of allowable service). There can be no reason for respondent to deny petitioner his pension under subdivision 2 of section B3-36.0.
Accordingly, respondents’ denial of petitioner’s application for benefits is found to be arbitrary, capricious and unreasonable and its determination annulled. The respondent is directed to grant petitioner’s application for retirement benefits pursuant to subdivision 2 of section B3-36.0.