Franco v 800 E 173 LLC (2025 NY Slip Op 04215)

Franco v 800 E 173 LLC

2025 NY Slip Op 04215

Decided on July 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 17, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 24580/19|Appeal No. 4363|Case No. 2024-06656|

[*1]Elvin Franco, Plaintiff-Appellant,
v
800 E 173 LLC, Defendant-Respondent.

Pollack Pollack Isaac & DeCicco, LLP, New York (Brain J. Issac of counsel), for appellant.
Resnick & Louis, P.C., Tarrytown (Kelly Griffin-Fromm of counsel), for respondent.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered October 31, 2024, which granted defendant's motion to compel plaintiff to submit to a further deposition, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting defendant's motion to compel a further deposition of plaintiff (CPLR 3101[a]; see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]). Defendant's motion was based on civil Racketeer Influenced and Corrupt Organizations (RICO) actions commenced in the Eastern District of New York against plaintiff's attorney of record and medical providers, alleging that plaintiff's counsel and medical providers conspired to obtain millions of dollars through fraudulent claims based on nonexistent injuries and illegitimate medical treatments.[FN1]
Defendant seeks to further depose plaintiff to determine whether defendant has been misled about plaintiff's accident or the medical treatment he allegedly received for the injuries he sustained as a result of his slip and fall on defendant's stairs. Defendant demonstrated a substantial likelihood that plaintiff possesses information relevant to these issues. Moreover, defendant showed that this potential evidence is material and necessary because it is sought "in good faith for possible use as evidence-in-chief or in rebuttal or for cross-examination" (Allen, 21 NY2d at 407 [internal citation omitted]). Even if the RICO actions do not specifically involve the subject accident and have not yet been adjudicated, that does not undermine defendant's basis for a further deposition of plaintiff. 
At the continued deposition, defendant may ask plaintiff questions about the existence and content of nonprivileged communications concerning his accident, and the scope of the medical treatment for his alleged injuries. Defendant may also pose questions to plaintiff concerning whether he was aware that any of his medical treatment may have been exaggerated or unnecessary.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 17, 2025

Footnotes

Footnote 1: We take judicial notice that certain civil RICO actions that do not appear in the record on appeal were filed against plaintiff's attorney and certain of his medical providers after defendant filed its motion to compel. "This Court may take judicial notice of undisputed court records and files" (Matter of Moynihan v New York City Health & Hosps. Corp., 120 AD3d 1029, 1041 n 2 [1st Dept 2014, Moskowitz, J., dissenting in part]; see also Travelers Cas. & Sur. Co. v Vale Can. Ltd., 215 AD3d 507, 509 n 1 [1st Dept 2023]; Hartman v Joy, 47 AD2d 624, 625 [1st Dept 1975]).