Ralph C. Cook, as Town Treasurer of the Town of Hempstead, Nassau County, State of New York, Plaintiff, *v.* Warren D. Burtis and Others, Defendants.

County Court, Nassau County, October 31, 1935.

*Fluckiger & Chave,* for the plaintiff.

*George W. Craft,* for the defendant.

Hawkins, J. (Acting Judge). The plaintiff sues for the foreclosure of a mortgage. The defendant Hewlett-Woodmere National Bank is a judgment creditor of the mortgagor and moves for summary judgment upon the ground that plaintiff's loan to the mort-

gagor was unconstitutional and void and the complaint should, therefore, be dismissed.

The complaint alleges that the defendant Warren D. Burtis borrowed the sum of $8,100 from the town treasurer of Hempstead on January 15, 1926. He agreed to pay said amount on May 1, 1929, with interest at the rate of six per cent, and as collateral security executed the mortgage in question. As a matter of fact it appears that this transaction was not an actual loan of town funds, but that the town of Hempstead sold the property in question to Burtis, and took the purchase-money mortgage in part payment.

The mortgage had been reduced to the sum of $3,400 at the time of the commencement of this action. The mortgage was made to one John A. Ruth, a predecessor of the plaintiff herein.

In the town of Hempstead there are certain common lands to which the town has acquired title by various colonial patents. The sale of lands is authorized by referendum of the electors of the town. The moneys realized from such sales are held by the town treasurer. He is authorized by legislative permission to loan such moneys on bond and mortgage and to use the income therefrom for the support of the poor and the upkeep of the town schools. This legislation was passed in 1870 (Laws of 1870, chap. 591, as amd.).

The defendant receiver of the judgment creditor has interposed the ingenious defense that the mortgage is void. His claim is based upon the fact that article 8, section 10, of the New York State Constitution, as amended in 1874, prohibits the loaning of town moneys for private purposes. Said section provides as follows: " No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, or become directly or indirectly the owner of stock in, or bonds of, any association or corporation; nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

Two questions are involved. *First*, do the provisions of the State Constitution, section 10, article 8, make the mortgage in question void as to this creditor? *Second*, can this creditor successfully plead such a defense?

If the defendant's contention were upheld, then the town could not recover on its security and the effect of such provision would be an outright gift of such moneys to the mortgagor. But such gift is absolutely prohibited by the Constitution.

The mortgage being one for a part of the purchase money was really town lands in another form in the custody of the plaintiff.

It is my opinion that the defendant's contention must fall for two reasons. In the first instance the constitutional amendment

was designed to protect various municipalities and was not enacted for the purpose of depriving them of their lawful property. The Constitution condemns equally a gift and a loan. It seeks to protect, not destroy, the rights of the public. It was certainly never intended to deprive a town of its lawful rights where the town has taken a purchase-money mortgage for the sale of its own lands. Such a construction would defeat the very purpose of the constitutional amendment and would inure to the benefit of this judgment creditor whose rights can be no greater than that of the mortgagor. Clearly, the mortgagor in this case would be equitably estopped from denying the validity of the mortgage which he himself executed and asserted to be valid. The judgment creditor who became such long after the mortgage was recorded, can assert no greater right.

In the second place, it would appear that the amendment was specifically designed to protect the people from an unwarranted diversion of municipal funds for investment in private enterprise. At that time a railway mania was sweeping the country and many municipalities were prepared to mortgage themselves to the hilt in order to secure the advantages of modern transporation. This provision was inserted for the purpose of protecting the various political subdivisions from the possibly disastrous result of unbridled enthusiasm. It had nothing to do with town lands or funds which are derived from the sale of such lands. When the duly qualified electors of the town of Hempstead authorized the sale of this particular tract, the funds derived therefrom were deposited with the town treasurer to be invested in accordance with legislative decree. The town having sovereign powers over these lands has the right to invest the proceeds therefrom. These moneys are not raised by taxes for the purpose of town government, but rather constitute a special trust fund in those towns which are fortunate enough to have inherited common lands through royal grant.

I have found no more pertinent cases than those submitted in the briefs of the respective counsel: *Town of Islip* v. *Estates of Havemeyer Point* (224 N. Y. 449); *Matter of Oystermen's Dock Co.* v. *Downing* (258 id. 156); *People ex rel. Howell* v. *Jessup* (160 id. 249); *Shepherd's Fold* v. *Mayor, etc., of New York* (96 id. 137); *City of Buffalo* v. *Balcom* (134 id. 532); *Silver Lake Bank* v. *North* (4 Johns. Ch. 370); *Fergus Falls* v. *Fergus Falls Hotel Co.* (50 L. R. A. 170); *Sun Publishing Assn.* v. *Mayor* (152 N. Y. 257); *Falconer* v. *Buffalo & Jamestown R. R. Co.* (69 id. 491); *People ex rel. Murphy* v. *Kelly* (76 id. 475).

These cases have been carefully read and considered.

The motion of the defendant must be denied as the material allegations of the complaint are undisputed. An order may be entered herein referring it to some suitable person to ascertain and to compute the amount due under the mortgage, and upon the coming in of this report the usual judgment of foreclosure and sale may be had.

Submit order on notice.