■ In the Matter of ABRAHAM CUTCHER, Appellant, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered August 3, 1971 in Albany County, which dismissed, on the merits, a petition brought pursuant to CPLR article 78 to annul a determination of respondent Commissioner of Education of the State of New York. The North Tonawanda Board of Education consolidated the positions of director of secondary education, director of elementary education and co-ordinator of special Federal and State projects into a new position entitled assistant superintendent for instructional services. Petitioner, who had been serving as director of secondary education, and the person serving as co-ordinator of special projects both applied for the new position. Since the man serving as director of elementary education had previously announced his intention to retire, he did not apply. The board selected the former co-ordinator of special Federal and State projects for the position. Petitioner appealed to respondent Commissioner pursuant to section 310 of the Education Law and respondent, after oral argument and the submission of affidavits and exhibits, dismissed the appeal. The Commissioner held that the new position was not sufficiently similar to that formerly held by petitioner so as to make the provisions of subdivision 3 of section 2510 of the Education Law applicable, and that the record did not support the allegation that petitioner's position was abolished for the sole purpose of defeating his tenure rights. On this article 78 proceeding petitioner seeks to annul the Commissioner's determination as arbitrary and capricious. Special Term granted a motion to dismiss the petition, made before answers, pursuant to CPLR 7804 (subd. [f]).

It is from the granting of that motion that petitioner appeals. On such a motion only the petition may be considered and all of its allegations are deemed to be true. (*Matter of Board of Educ.* v. *Allen,* 32 A D 2d 985.) The petition alleges that the respondent board acted in bad faith in abolishing the petitioner's position; that the job description of the newly created position was written especially to prevent petitioner from obtaining the position; that the description was not based on facts; and the duties of the new position are very similar to the duties formerly performed by petitioner. These allegations are implemented by affidavits set forth in the body of the petition, and are not controverted by respondents. There is, however, a conflict between the allegations of petitioner and the specific findings in the Commissioner's determination which, if resolved in petitioner's favor, will render the Commissioner's determination "purely arbitrary". (*Matter of Board of Educ.* v. *Allen,* 6 N Y 2d 127, 136; *Matter of Board of Educ., City School Dist., City of Mount Vernon* v. *Allen, supra.*) There are triable issues of fact presented and respondent's motion to dismiss the petition was improperly granted. Judgment reversed, on the law, without costs, and motion denied with leave to respondents to answer the petition within 20 days after service of a copy of the order to be entered hereon with notice of entry. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.