■ In the Matter of FRANK L. PAGE, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent New York City Transit Authority, dated August 11, 1971, which, after a hearing, sustained charges of misconduct against petitioner, a motorman in the Authority's employ, and demoted him to the position of conductor, first position. Petition granted; determination annulled, on the law; charges dismissed; and respondents directed to restore petitioner to his former position of motorman, retroactively to the effective date of his demotion, with back pay for the salary lost during the period of demotion, with costs of the proceeding to petitioner against the respondent New York City Transit Authority. In our opinion, the determination of the Authority is not supported by substantial evidence. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ LUMBER MUTUAL FIRE INSURANCE COMPANY OF BOSTON, MASS. et al., Respondents, v. WESTERN WORLD INSURANCE COMPANY, INC., Appellant, et al., Respondents.— Appeal from order of the Supreme Court, Nassau County, entered October 13, 1971, which granted plaintiffs' motion for summary judgment. Appeal dismissed, with $10 costs and disbursements to plaintiffs. The order was made upon appellant's default and therefore is not appealable (CPLR 5511). Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ BURTON MARSH et al., Respondents, v. TOWN OF HUNTINGTON, Appellant.— In a proceeding pursuant to article 78 of the CPLR inter alia to compel appellant, the Town of Huntington, to issue a building permit to petitioners, the appeal is from a judgment of the Supreme Court, Suffolk County, dated May 11, 1972, which directed appellant to issue such permit. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for a hearing on the issue of fact as to whether or not appellant unreasonably and willfully delayed in issuing a building permit so as to prevent petitioners from acquiring a vested right prior to the appellant town's amendment of its zoning regulations (Matter of Dubow v. Ross, 254 App. Div. 706). Petitioners were entitled to issuance of the permit by the town as a matter of right when they applied for it and also at the time of entry of the judgment under review. The judgment was therefore proper when made. On this record there appear to be questions of the town's lack of good faith, hindrance and unreasonable delay, which only a hearing can resolve. Gulotta, Acting P. J., Christ, Brennan and Benjamin, JJ., concur.