Gabrielli, J.
This article 78 proceeding was commenced by petitioner to annul the decision of the building inspector and the determination of the Zoning Board of Appeals of the Village of Ocean Beach which denied petitioner’s application for a building permit.
The petitioner is the owner of a parcel of property with a four-bedroom dwelling in the Village of Ocean Beach. On September 28, 1972 he applied for a building permit for the purpose of adding two bedrooms, a bath and a den to his existing structure. On February 14, 1973 the Mayor of Ocean Beach advised petitioner that his application was rejected because he had previously violated the one-family zoning restriction by renting rooms in a residential district without a license; and the Mayor further stated that petitioner had not explained to the satisfaction of the village why he required additional rooms. As demonstrated herein, these assigned reasons were inadequate to support denial of an otherwise valid application; however, no permit was issued and no appeal from that decision was taken.
The petitioner then revised his plans for the alteration of his home and made application for a permit to construct an addition of one bedroom, a bath, a den and a deck. The papers were properly submitted to the building inspector on March 28, 1973; and two months later on May 21, the Mayor advised petitioner that the inspector found this application to be substantially the same as the previous one and declared that no action concerning it would be taken. The refusal of the building inspector to act was an improper dilatory tactic and an abuse of discretion. This impropriety was compounded by the apparent acquiescence of the Mayor who communicated this decision to the applicant.
Petitioner was then forced to institute an article 78 proceeding seeking an order to compel the building inspector to act on the application. Supreme Court granted such an order on *771 December 19, 1973 and the building inspector eventually denied the application on March 9, 1974, nearly three months after the court decision and nearly a year after the second application was made. On April 8 the petitioner served a notice of appeal of the building inspector’s decision to the zoning board of appeals; and on May 6 the chairman of the board of appeals notified the petitioner that a hearing would be held on June 15, 1974. On that date the petitioner was present and ready to proceed but no one appeared on behalf of respondents and the hearing was rescheduled for June 29, following reminder by petitioner’s counsel. Again the village was guilty of unnecessary delay.
Meanwhile the board of trustees of the village had taken steps in this regard. On May 4, 1974, two days before the board of appeals notified petitioner of the date of his hearing, the trustees amended the zoning ordinance of the village to limit the size of a one-family dwelling to not more than four bedrooms. The ordinance became effective on May 19, 1974, well in advance of petitioner’s appeal hearing. Such an amendment would, of course, appear to directly affect petitioner’s building permit application.
The hearing was held on June 29 and a decision denying the application was rendered on August 3, 1974. In its decision the board took cognizance of the fact that petitioner had been guilty of violating the zoning ordinances of the village. The board also noted the recent amendment limiting a one-family dwelling to no more than four bedrooms but stated that this amendment was not the sole basis of its decision, adding that the amendment was used as evidence of the attempt by the village to limit the growth and development of the community. The appeal was denied on the further ground that petitioner failed to show any "unnecessary hardship”.
In addition, the hearing before the zoning board of appeals produced testimony from the building inspector that the petitioner’s application was a valid one at the time it was made. The coloquy between petitioner’s attorney and the building inspector was as follows:
"Q. At the time the application of March 28th was submitted, did this application comply with the lawful size according to the ordinance of the Village?
"A. Yes.
"Q. Did the application comply with acreage?
*772 "A. Yes.
"Q. Did the application comply with setbacks?
"A. Yes.”
It is thus abundantly clear that at all times prior to the effective date of the amendment the petitioner was entitled to a building permit. His proposed addition was in all respects lawful and, as indicated by the above testimony, his application complied with the zoning restrictions. In denying the permit, the village officials relied improperly on the fact that petitioner had violated village ordinances in 1972. The fact that he had violated an ordinance previously does not show that he will violate it again. Nor is it proper for the board to punish him for any previous violation by denying him the right to expand his building within the zoning limits when he had already been prosecuted for his acts. The village has adequate means for enforcing its ordinances through civil and criminal sanctions, and cannot deny valid rights as an additional (and unauthorized) sanction. Likewise the board’s reliance on the size of petitioner’s family and his personal reasons for seeking the permit was misplaced. Where an application complies with the zoning restrictions these considerations are irrelevant. Thus the grounds for denial were without merit.
The village used dilatory tactics to discourage petitioner from seeking the building permit to which he was entitled by first refusing to act on his application and, after court proceedings directing it to act, delaying action still further. In addition, when he was finally progressing with his appeal, an amendment was passed which would serve to cut off his rights. "This administrative procrastination, calculated to deny a property owner his right to use this land in a currently lawful manner, is supportable neither by law nor by sound and ethical practice” (1 Anderson, NY Zoning Law & Practice, § 6.17, p 196).
Special Term annulled the decision of the board of appeals and ordered the issuance of a permit. The Appellate Division reversed, relying on the principle that a case must be decided upon the law as it exists at the time of the decision (Matter of Boardwalk & Seashore Corp. v Murdock, 286 NY 494; Matter of Rosano v Town Bd. of Town of Riverhead, 43 AD2d 728). Applying this principle, that court held that the amendment was controlling. However, this case fits into the "special facts exception” to that rule so that the zoning ordinance, as amended, does not apply and the arbitrary action of the board *773 may not prevail (Matter of Golisano v Town Bd. of Town of Macedon, 31 AD2d 85). The petitioner has demonstrated that he was entitled to the permit as a matter of right by full compliance with the requirements at the time of the application and that proper action upon the permit would have given him time to acquire a vested right (Marsh v Town of Huntington, 39 AD2d 945; Matter of Golisano v Town Bd. of Town of Macedon, supra; Matter of Dubow v Boss, 254 App Div 706; 1 Anderson, NY Zoning Law & Practice, § 6.17). If action had been taken within a reasonable time after March 28, 1973 the petitioner would have had a year in which to begin construction before the effective date of the amendment. The petitioner was denied this right by the unjustifiable actions of the village officials, and by an abuse of administrative procedures. It seems clear from the record that the village imporperly delayed reviewing the application and the board presented unsatisfactory reasons for denial, resulting in the disregard of petitioner’s rights. The action of the board must be annulled as arbitrary and the relief requested granted.
The order of the Appellate Division should be reversed and the judgment of Special Term reinstated.