■ In the Matter of ROBERT D. L. GARDINER, Appellant, v MICHAEL A. LO GRANDE, as Supervisor of the Town Board of the Town of Islip, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination by the Town Board of the Town of Islip, dated March 20, 1980, which denied petitioner's application for a special permit, petitioner appeals from a judgment of Supreme Court, Suffolk County (De Luca, J.), entered December 11, 1980, which dismissed the petition. Judgment reversed, without costs or disbursements, and matter remitted to Special Term, before a Justice other than the Justice who determined the judgment on appeal, for further proceedings consistent herewith. Petitioner, owner of an enclosed shopping mall on an approximately 29-acre parcel in the Town of Islip, sought a special permit to establish a game room inside the mall. The town planning board recommended that, on land use criteria, the location of such a use was a "superior" one; however, based on its evaluation of the use "per se," it recommended denial of the application on the ground it constituted a nuisance. During the subsequent hearing before the town board, petitioner agreed to restrict admission to persons 14 years of age or older, to hire a licensed security guard for the premises and to submit to a hearing for the purpose of revoking the permit if "legitimate complaints" were received about the game room. Vehement opposition was expressed by certain residents during the hearing, based primarily on the fear that the game room would aggravate the present use of the mall as a gathering place by teen-agers. The town board summarily denied the application. This article 78 proceeding was then instituted to review the determination; on a motion to dismiss the petition, Special Term granted that part of the motion which was for remittitur to the board for a statement of its reasons for denying the application. The board then submitted a lengthy statement of its reasons and Special Term reserved decision on the petition after oral argument on August 5, 1980. Special Term upheld the board's determination by a judgment entered December 11, 1980. In the meantime, without informing Special Term, the town board on August 19,

1980 had amended the zoning ordinance so as to exclude game rooms, defined as halls containing six or more "pinball machines, electronic video-screen games, football games, air hockey games, skeebowls or any other similar games or machines for the use of which fees are paid directly into the machine or to an operator." The general rule holds that an appellate court must apply the law as it exists at the time of its decision; hence, unless "special facts" are present, we are bound to recognize the amendment and thus affirm the determination of Special Term *(Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Golisano v Town Bd. of Town of Macedon,* 31 AD2d 85, 87). The "special facts" exception to the general rule becomes effective where a license would have been granted under the law at the time the application for the license should have been examined, and by delaying the processing of the application, the governmental authorities are enabled to adopt legislation preventing the issuance of the license (see, e.g., *Matter of Our Lady of Good Counsel R. C. Church & School v Ball,* 38 NY2d 780, affg 45 AD2d 66 on opn of Mr. Justice Martuscello at App Div; *Marsh v Town of Huntington,* 39 AD2d 945; *Matter of Dubow v Ross,* 254 App Div 706). The petitioner in the instant matter had complied with the terms of the ordinance in effect at the time that he applied for a special permit and the town board should have granted it *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243). We are unable on this record, however, to decide whether the town board acted improperly in passing the amendment to the ordinance. The record itself does not contain the amendment or the circumstances surrounding its adoption, and we received the information concerning the amendment only from the respondents' brief. Hence, we remit for a hearing at Special Term so that the circumstances concerning the amendment may be fully established. The hearing should be held before a Justice other than the Justice who determined the judgment on appeal. Hopkins, J.P., Mangano, Gulotta and Margett, JJ., concur.