■ In the Matter of WILLIAM ECKSTEIN, Appellant, v JAMES M. GLIMM et al., Constituting the Board of Zoning Appeals of the Village of Garden City, Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Garden City denying petitioner's application for a permit or, in the alternative, for a variance, petitioner appeals from a judgment of the Supreme Court, Nassau County (Oppido, J.), entered May 14, 1981, which, *inter alia,* dismissed the petition. Judgment affirmed, without costs or disbursements. We agree with Special Term's conclusion that under the 1938 zoning ordinance, petitioner had a statutory right to build a house and garage on later acquired lots (see *Matter of Allen v Adami,* 39 NY2d 275). The court also correctly found that the 1981 amendment to the zoning ordinance terminated petitioner's statutory rights under the day of decision rule (see *Matter of Mackey v Mayhall,* 92 Misc 2d 868; *Matter of Boardwalk & Seashore Corp. v Murdock,* 286 NY 494, 498). We find that the so-called "special facts" exception does not apply to this case,

as the board of·zoning appeals did not negligently or intentionally delay consideration of the application (see *Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N. Y.,* 45 NY2d 560). The board of trustees of the village adopted the 1981 amendment to the zoning ordinance after a decision on the application had been rendered, whereby the existing provision of the zoning ordinance with respect to separate ownership was omitted. The village clerk forwarded a copy of the "adopted" amendment to a local newspaper before the amendment was actually voted upon. However, that does not invalidate the adoption of the amendment, for publication did not occur until after the proposed amendment was duly enacted by the board of trustees. Accordingly, the judgment is affirmed for the reasons stated above. Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.