■ CYMBIDIUM DEVELOPMENT CORP. et al., Respondents, v CHARLES M. SMITH, JR., et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants to reinstate a previously revoked construction permit, the appeal is from an order and judgment (one paper) of the

Supreme Court, Kings County (Jordan, J., on decision; Vinik J., on order and judgment), dated March 31, 1987, which granted the petition, ordered reissuance of the permit to the petitioners nunc pro tunc, and directed that the petitioners be given a reasonable opportunity to acquire vested rights.

Ordered that the order and judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

The record reveals that the petitioner Cymbidium Development Corp., owner of a certain parcel of real property known as 207 Prospect Park Southwest in the County of Kings, and principals Frank J. Esposito and Carmine Rende, Jr. met with staff members of the Department of City Planning on August 22, 1985, to discuss the proposed construction of multiunit residential dwellings on the parcel. At the time, the subject property was zoned R-6, permitting residential development of 22 stories. However, the petitioners were informed at the meeting that a possible rezoning of the area encompassing their property to R-8B (limiting development to eight stories) had been contemplated since 1984. The petitioners, through their architect, expressed interest in the rezoning and requested that it be accomplished expeditiously, as they were anxious to complete the necessary foundation work by the year's end. On the following day, the petitioners' architect wrote to the Chairman of the Department of City Planning, describing the rezoning as "an imaginative approach" which "offer[ed] opportunities for a successful project". He asked that the Department staff help him in preparing a study of a residential development under the anticipated R-8B rezoning and he further requested that the commission assume the role as applicant for the rezoning and indicate a time schedule for the approval of the application. In response, the Department Chairman wrote that the application was being prepared and would be "advance[d] as rapidly as possible" adding that "[w]e hope to have action on the rezoning completed by the end of the year".

The petitioners then applied to the New York City Department of Buildings for a permit to perform foundation work on the subject parcel for a 13-story development under the existing R-6 zoning. The permit was issued as of right on September 20, 1985, and the petitioners prepared to carry out the necessary foundation work while the rezoning application proceeded through administrative channels on an expedited basis.

On or about October 23, 1985, as the petitioners readied to

commence actual construction on the property, a local citizens group known as Citizens for the Preservation of Windsor Terrace (hereinafter CPWT) commenced a proceeding pursuant to CPLR article 78, *inter alia,* for revocation of the permit, and obtained an order temporarily restraining the petitioners from further development of the parcel. The asserted ground for the requested relief was that the New York City Department of Buildings had improperly issued the permit without requiring any environmental review for the project. The petitioners and the Corporation Counsel (the latter representing various municipal agencies) strongly opposed the granting of the temporary restraining order, and moved to dismiss the proceeding on the merits. However, the Supreme Court, Kings County (Dowd, J.), continued the restraining order, without requiring CPWT to post a bond, and ultimately ruled in CPWT's favor and enjoined construction on the property pending environmental review. While the restraining order was in effect, the rezoning of the area to R-8B was completed on December 19, 1985, and the permit for foundation construction was revoked by the New York City Department of Buildings shortly thereafter.

The petitioners and the various municipal agencies appealed from the order and judgment in favor of CPWT, and while the appeal was pending, the petitioners commenced the instant proceeding, *inter alia,* to compel reinstatement of the permit. Thereafter, this court unanimously reversed the order and judgment in CPWT's favor, concluding that no environmental review was necessary for the issuance of the permit as a matter of right and that the injunctive relief was erroneously granted absent a showing of irreparable harm *(Citizens for Preservation of Windsor Terrace v Smith,* 122 AD2d 827).

Thereafter, the Supreme Court, Kings County (Jordan, J.), issued a decision finding that the Department of Buildings and the Board of Standards and Appeals should be estopped from enforcing the zoning amendment against the petitioners because the meritless proceeding commenced by CPWT and the temporary restraining order issued by Justice Dowd prevented the petitioners from going forward with construction and thus precluded them from acquiring vested rights to develop the parcel under its former R-6 zoning designation. An order and judgment signed by Justice Vinik was entered on that decision. We now reverse.

It is well settled that, barring extraordinary circumstances, estoppel will not be applied against a governmental entity for actions taken in its governmental capacity *(see, Matter of*

*Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88; *Matter of Wedinger v Goldberger,* 129 AD2d 712). Similarly, it has been recognized as a general rule that "the doctrine of estoppel is not applicable to preclude a municipality from enforcing the provisions of its zoning ordinance" *(Matter of Rosbar Co. v Board of Appeals,* 53 NY2d 623, 625). As a result, municipalities have been estopped from applying zoning amendments to property owners only in those instances where vested rights have been acquired or where some form of misconduct or extraordinary delay on the part of the municipality has prevented the acquisition of such rights *(see, e.g., Matter of Pokoik v Silsdorf,* 40 NY2d 769; *Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408; *Matter of Temkin v Karagheuzoff,* 34 NY2d 324; *Matter of Hatcher v Planning Bd.,* 111 AD2d 812).

Contrary to the petitioners' contentions, the record before us is barren of any proof of wrongdoing or delay by the various municipal entities involved herein. As the court of first instance concluded, the claims of collusion between the city and CPWT advanced by the petitioners "are conclusory in nature, unsubstantiated and devoid of substantive proof". Indeed, the city vigorously opposed CPWT's efforts at all levels and eventually prevailed in obtaining a reversal by this court, thus refuting any allegation that it acted in concert with CPWT in frustrating the petitioners' efforts to obtain vested rights prior to the enactment of the zoning amendment. Moreover, the expedited approval of the zoning amendment itself was not indicative of municipal misconduct, as the petitioners were fully aware of the contemplated amendment before applying for a permit, and initially advocated its speedy approval. Additionally, there is no evidence that the municipality provided any direct or indirect support for the proceeding commenced by CPWT, a private citizens group, or for the temporary restraining order obtained in that proceeding. In sum, the present record fails to establish any basis for the imposition of estoppel against the appellants *(see, e.g., Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665; *Matter of Eckstein v Glimm,* 84 AD2d 839, *lv denied* 55 NY2d 606; *Matter of Mascony Transp. & Ferry Serv. v Richmond,* 71 AD2d 896, *affd* 49 NY2d 969).

The petitioners rely, as did the court of first instance, upon the decision in *Matter of Faymor Dev. Co. v Board of Stds. & Appeals* (45 NY2d 560) as legal authority for the proposition that the meritless lawsuit brought by CPWT resulting in a

restraining order erroneously issued, justified the imposition of estoppel herein. However, *Matter of Faymor Dev. Co. v Board of Stds. & Appeals (supra)* involved wrongful conduct by the city in revoking a construction permit on baseless grounds at the insistence of community groups, in failing to provide police, fire and traffic services to combat illegal mob action despite repeated requests by the developer pursuant to two court orders, and in hurriedly amending the zoning regulations to preclude development so as to appease local residents. Since such combined misconduct by the municipality and community groups is absent in the present case, the court erred in applying the doctrine of estoppel against the appellants and in ordering the reinstatement of the permit. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.