■ In the Matter of LAWRENCE SCHOOL CORPORATION, Appellant, v JOEL J. MORRIS, as Mayor of the Incorporated Village of Hewlett Bay Park, et al., Respondents, and EDWIN WEGMAN et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Hewlett Bay Park, dated December 3, 1988, which revoked a building permit previously granted to the petitioner, the petitioner appeals from a resettled judgment of the Supreme Court, Nassau County (McCabe, J.), dated April 5, 1989, which dismissed the proceeding.

Ordered that the resettled judgment is affirmed, with costs to the respondents.

As a general rule, a court is constrained to decide cases on the law as it exists at the time of the decision (see, Matter of Temkin v Karagheuzoff, 34 NY2d 324, 329; Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre, 99 AD2d 754, affd 64 NY2d 921). The Supreme Court correctly considered a zoning amendment adopted by the Board of Trustees of the Incorporated Village of Hewlett Bay Park (hereinafter the Village) prior to the entry of judgment. The amendment prohibits the alteration, expansion, or enlargement of preexisting nonconforming uses, thereby negating the petitioner's right to build two swimming pools on its premises.

Municipalities have been estopped from applying zoning amendments to property owners only in those instances where

vested rights have been acquired or where some form of misconduct or extraordinary delay on the part of the municipality has prevented the acquisition of such rights *(see, Cymbidium Dev. Corp. v Smith,* 133 AD2d 605, 606; *Matter of Faymor Dev. Co. v Board of Stds. & Appeals,* 45 NY2d 560). The petitioner acknowledges that it did not acquire vested rights to build two swimming pools on its premises. Rather the petitioner contends that the Village's illegal actions in revoking the permit and then adopting the zoning amendment prevented it from acquiring such rights.

We agree with the Supreme Court that this case does not present a "special facts" exception under which the Village could be estopped from applying the zoning amendment to the petitioner. Although the Supreme Court did find prior to the adoption of the zoning amendment, that the Village had arbitrarily and capriciously revoked the building permit previously granted to the petitioner under the preexisting zoning ordinance, there is no indication in the record that the revocation of the permit was illegal *(cf., Matter of Temkin v Karagheuzoff, supra),* the product of malice, oppression, manipulation, corruption, bad faith, or a method of delaying the petitioner from acquiring vested rights while the zoning amendment was under consideration *(cf., Matter of Pokoik v Silsdorf,* 40 NY2d 769, 772-773; *see, Matter of Aversano v Two Family Use Bd.,* 117 AD2d 665). Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.