■ In the Matter of EARLE W. ZAIDINS, Appellant, v JAY HASHMALL et al., Respondents. [732 NYS2d 870] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Westchester County Board of Health declining to reassign the petitioner to the position of Hearing Officer for the year 2000, the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Perone, J.), entered September 1, 2000, as granted that branch of the respondents' motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f), denied that branch of his cross motion which was to disqualify the counsel for the respondent Westchester County Board of Health, and dismissed the proceeding.

Ordered that the order and judgment is modified by deleting the provision thereof granting that branch of the respondents' motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f), and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the petition is reinstated; and it is further,

Ordered that the respondents' time to serve an answer to the petition is extended until 15 days after service upon them of a copy of this decision and order with notice of entry.

This matter falls within the ambit of CPLR article 78. On a motion pursuant to CPLR 7804 (f) to dismiss a petition, only

the petition is to be considered and all of its allegations are to be deemed true (*see, Matter of De Paoli v Board of Educ.,* 92 AD2d 894). Furthermore, the allegations asserted in the petition demonstrate the existence of a bona fide justiciable controversy which should be addressed (*see, Sysco Corp. v Town of Hempstead,* 133 AD2d 751). Thus, the Supreme Court improperly granted that branch of the respondents' motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f).

The parties' remaining contentions are without merit. S. Miller, J. P., Luciano, Smith and Adams, JJ., concur.