■ In the Matter of 10 EAST REALTY, LLC, et al., Appellants, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Respondents. [792 NYS2d 606]—

In a proceeding pursuant to CPLR article 78, inter alia, to vacate a determination of the respondent Incorporated Village of Valley Stream dated December 9, 2002, adopting a local law which authorized the respondent Incorporated Village of Valley Stream to close on the sale of a municipal parking lot and enter into a purchase-money mortgage with the respondent 1 E. Lincoln Realty Corp., the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Phelan, J.), entered May 21, 2003, which granted the motion of the respondent 1 E. Lincoln Realty Corp. and the separate motion of the respondents Incorporated Village of Valley Stream, Edward Cahill, Guido Cirenza, Richard Coffman, Joanne Antun, Joseph Zabatta, and Vincent Ang to dismiss the petition, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is modified by deleting the provision thereof granting those branches of the respondents' motions which were to dismiss paragraphs 1 through 30 and 35 through 37 of the petition, and substituting therefor a provision denying those branches of the motions; as so modified, the order and judgment is affirmed, and paragraphs 1 through 30 and 35 through 37 of the petition are reinstated and severed; and it is further,

Ordered that the respondents' time to serve an answer to the petition is extended until 15 days after service upon them of a copy of this decision and order; and it is further,

Ordered that the petitioners are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The Supreme Court improperly granted the respondents' preanswer motions to dismiss the petition in its entirety for failure to state a cause of action. In determining such a motion, "only the petition is to be considered and all of its allegations are to be deemed true" (*Matter of Zaidins v Hashmall,* 288 AD2d 316, 316-317 [2001]; *see Matter of Cutcher v Nyquist,* 39 AD2d 810 [1972]). The petitioners are to be accorded "the benefit of every possible inference" (*Matter of Hutt v Retirement Bd.,* 299 AD2d 679, 680 [2002]).

Without authorization from the State Legislature, a municipality "may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private" (*Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48, 51 [1972]; *see People ex rel. Swan v Doxsee,* 136 App Div 400, 403 [1910], *affd* 198 NY 605 [1910]; *Kenny v Board of Trustees of Inc. Vil. of Garden City,* 289 AD2d 534 [2001]; *see also Meriwether v Garrett,* 102 US 472, 513 [1880]). Municipal parking may constitute a "public use" of property (*see Ambassador Mgt. Corp. v Incorporated Vil. of Hempstead,* 186 Misc 74 [1945], *affd* 270 App Div 898 [1946]; *Denihan Enters. v O'Dwyer,* 197 Misc 950 [1950], *revd on other grounds* 277 App Div 407 [1950], *affd* 302 NY 451 [1951]). According to the petition, the respondent Incorporated Village of Valley Stream (hereinafter the Village) adopted a local law authorizing the sale of a Village-owned municipal parking lot to the respondent 1 E. Lincoln Realty Corp. (hereinafter Lincoln Realty), a private corporation. The petition alleged that the parking lot was held by the Village for public use, that the Village did not seek the State Legislature's approval of the sale, and that Lincoln Realty was purchasing the parking lot for its "exclusive private use."

Moreover, the petition alleged that the local law authorized the Village to enter into a purchase-money mortgage with Lincoln Realty, which provided for the full purchase price to be paid to the Village over 15 years at 5% interest. The petition further alleged that the transaction violated the state constitutional provision prohibiting municipalities from giving or loaning any money or property to a private entity (*see* NY Const, art VIII, § 1; 23 Ops St Comp No. 67-904, at 804, 807 [1967]; 12 Ops St Comp No. 8100, at 185 [1956]; *but see Cook v Burtis,* 157 Misc 140 [1935]; 1987 Ops St Comp No. 87-51).

Thus, "the allegations asserted in the petition demonstrate the existence of a bona fide justiciable controversy which should be addressed" (*Matter of Zaidins v Hashmall, supra* at 317), and the respondents' motions should have been denied to the extent they sought dismissal of paragraphs 1 through 30 and 35 through 37 of the petition.

The appellants' remaining contentions are without merit. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.