■ In the Matter of GOLDEN HORIZON TERRYVILLE CORP., Respondent, v BRENDA A. PRUSINOWSKI et al., Appellants. [882 NYS2d 174]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the review of the petitioner-plaintiff's commercial site plan application to develop a certain

parcel of real property, and action, inter alia, for a judgment declaring, inter alia, that any moratorium on the review of commercial site plan applications imposed by the Town of Brookhaven does not apply to the subject real property owned by the petitioner-plaintiff, the appeal is from (1) an order of the Supreme Court, Suffolk County (Costello, J.), dated June 19, 2008, which denied the respondents/defendants' motion to dismiss the petition pursuant to CPLR 3211 (a) and 7804 (f), among other things, for failure to state a cause of action, and (2) an order and judgment (one paper) of the same court dated August 11, 2008, which denied the respondents-defendants' motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue their motion pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, and granted the petition to the extent of directing the Planning Board of the Town of Brookhaven to place the petitioner-plaintiff's site plan application on its calendar for processing and consideration, to deem the application complete, and to determine the application in accordance with the zoning laws of the Town of Brookhaven that were in effect on October 31, 2006.

Ordered that the appeal from the order dated June 19, 2008, is dismissed; and it is further,

Ordered that the appeal from so much of the order and judgment as denied the respondents-defendants' motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is reversed insofar as reviewed, on the law and the facts, and the matter is remitted to the Supreme Court, Suffolk County, for an evidentiary hearing to be held forthwith in accordance herewith and a new determination thereafter on the petition; and it is further,

Ordered that one bill of costs is awarded to the respondents-defendants.

The appeal from the order dated June 19, 2008, must be dismissed because no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see CPLR 5701 [b] [1]), and we decline to grant leave in view of the fact that a final judgment has been entered.

The petitioner-plaintiff (hereinafter the petitioner), the owner of a parcel of real property located in the Town of Brookhaven, filed a commercial site plan application in September 2005 with the Department of Planning, Environment, and Land Management of the Town of Brookhaven (hereinafter the Planning Department), to develop a retail building on the property. The

proposed use was permitted under the applicable zoning ordinance then in effect. The Planning Department responded, six months later, with a number of conditions with which the petitioner was required to comply before its application would be submitted to the Planning Board of the Town of Brookhaven (hereinafter the Planning Board). The petitioner submitted a revised site plan application on October 31, 2006, which, according to the petitioner, met all of the Planning Department's conditions except for the request that the petitioner meet with a local civic association. However, in the interim between the Planning Department's response and the petitioner's submission of the revised site plan application, the area in which the petitioner's property was located had been designated as a historic district, such that the petitioner was required to obtain approval of its project from the Historic District Advisory Committee (hereinafter the Committee). A hearing was held, but not completed, by the Committee, and the Committee never rescheduled the matter for the completion of the hearing. Furthermore, according to the petitioner, no formal meeting as to its proposal was ever scheduled by the local civic association, despite repeated requests. Finally, on July 3, 2007, the petitioner made a written demand that its application be placed on the Planning Board calendar, and was informed, in response, that the Town was contemplating a moratorium on the processing and consideration of any site plan applications for the area in which the petitioner's property was located. The moratorium was subsequently enacted in the latter half of August 2007.

On August 2, 2007, the petitioner commenced the instant hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the processing and consideration of its site plan application and action against several Town officials for a judgment declaring, inter alia, that the moratorium could not be applied to bar consideration of its application. In lieu of an answer, the respondents/defendants (hereinafter collectively the Town) moved to dismiss the petition, pursuant to CPLR 3211 (a) and 7804 (f), inter alia, as unripe for judicial review, and for failure to state a cause of action. The Supreme Court denied the motion, and the Town served and filed an answer. The Town's subsequent motion, in effect, for leave to reargue the motion to dismiss the petition was denied. The Supreme Court then granted the petition to the extent of directing the Planning Board to place the petitioner's site plan application on its calendar for processing and consideration, deem the application complete, and determine the application in accordance with the Town zoning laws that were in effect on October 31, 2006.

Contrary to the Town's contention, the petition was ripe for

judicial review, despite the enactment of a moratorium on the processing and consideration of all site plan applications. The petition alleged that the Planning Department's and Planning Board's ministerial duty to docket the application on the calendar arose before the moratorium's effective date, and that the Planning Board acted wrongfully by delaying its processing and consideration of the application so that the Town could enact the moratorium to prevent such review. Accordingly, were it to be determined that the petitioner's allegations are without merit, such that the moratorium was properly applied to bar consideration of its site plan application, then the petition would be subject to denial on the merits because the petitioner would not have a clear legal right to mandamus relief (*see Matter of Laurel Realty, LLC, v Planning Bd. of Town of Kent*, 40 AD3d 857, 861 [2007]).

Furthermore, the Supreme Court properly determined that the petitioner was not required to apply for a "hardship" exception from the moratorium before it could commence this proceeding. By the plain terms of the applicable local law, the "hardship" exception did not apply to the circumstances of this case (*see* Town Code of Town of Brookhaven § 17I-5).

Contrary to the Town's contention, the Supreme Court did not err in denying that branch of its motion which was to dismiss the petition, pursuant to CPLR 3211 (a) and 7804 (f), for failure to state a cause of action. "[M]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]; *see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757 [1991]). Moreover, municipalities can be estopped from applying zoning amendments to property owners "where some form of misconduct or extraordinary delay on the part of the municipality has prevented the acquisition of [vested] rights" in the once lawful use of a property (*Matter of Lawrence School Corp. v Morris*, 167 AD2d 467, 467-468 [1990]; *see Matter of Pokoik v Silsdorf*, 40 NY2d 769, 772-773 [1976]; *Cymbidium Dev. Corp. v Smith*, 133 AD2d 605, 607 [1987]).

The Town asserts that the petition failed to state a cause of action because the Town was processing the petitioner's site plan application in the normal course of administration until the moratorium came into effect. However, the petition demonstrated "the existence of a bona fide justiciable controversy" in this regard, which required the Town to answer the petition (*Matter of Zaidins v Hashmall*, 288 AD2d 316, 317 [2001]; *see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream,*

17 AD3d 472, 473 [2005]). The petitioner alleged that, although it submitted its site plan application in September 2005, and a revised site plan application on October 31, 2006, no action was taken by the Planning Department or the Planning Board on the application. The moratorium was not enacted until approximately 10 months after the petitioner submitted its revised site plan application, and almost two years after it filed its initial application. The petitioner further alleged that its application proposed an as-of-right use of its property, and that the Town engaged in misconduct by intentionally procrastinating in the processing of the site plan application until it could enact the moratorium. On a motion pursuant to CPLR 7804 (f) to dismiss a petition, only the petition is to be considered, all of its allegations are to be deemed true, and the petitioner is to be accorded the benefit of every possible inference (*see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream*, 17 AD3d at 473; *Matter of Zaidins v Hashmall*, 288 AD2d at 317). Under these standards, the allegations in the petition stated a cause of action for mandamus relief.

Nonetheless, the Supreme Court erred in determining, as a matter of law, in effect, that the moratorium did not apply to the petitioner's real property, and, thus, in granting the petition and compelling the Planning Board to process and consider the application in accordance with the zoning laws in effect on October 31, 2006. The courts are generally bound to apply the zoning laws in existence at the time the decision is rendered (*see Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921, 922 [1985]; *Matter of Home Depot U.S.A. v Village of Rockville Ctr.*, 295 AD2d 426, 428 [2002]; *Matter of Calverton Indus. v Town of Riverhead*, 278 AD2d 319, 320 [2000]), which, in the present case, would include the zoning amendment placing a moratorium on development and the processing and consideration of site plan applications. However, as previously noted, a municipality may be estopped from applying such zoning amendments upon a showing that it prevented the property owner from obtaining vested rights through "some form of misconduct or extraordinary delay" (*Matter of Lawrence School Corp.*, 167 AD2d at 467-468; *see Matter of Pokoik*, 40 NY2d at 772-773; *Cymbidium Dev. Corp.*, 133 AD2d at 607). Accordingly, in order to prevent the Town from applying the moratorium to bar processing and consideration of its site plan application, the petitioner was required to demonstrate proof of "special facts" indicating that the Town acted in "bad faith" in delaying the processing and consideration of the site plan application while the zoning law was changed (*Matter of Home Depot U.S.A. v Village of Rockville Ctr.*, 295 AD2d at 428; *see*

*Matter of Lucrezia v Board of Appeals of Town of Haverstraw*, 2 AD3d 861 [2003]).

While a reasonable factfinder could determine, based upon the evidence presented by the petitioner, that the Town intentionally delayed the processing of the petitioner's application so that it could change the applicable zoning laws, in light of the Town's denials of the petitioner's contentions, its averments that the application was being processed in the normal course of administration, and its assertions that delays were caused by noncompliance on the part of the petitioner with certain of the Town's requests, there are triable issues of fact as to whether the delay was unreasonable and the product of bad faith.

Accordingly, under the unique circumstances of this case, we remit the matter to the Supreme Court, Suffolk County, for an evidentiary hearing to be held forthwith (*see* CPLR 410, 7804 [h]), inter alia, on the issue of whether there are special facts demonstrating that the petitioner was prevented from using its property in a currently lawful manner through "some form of misconduct or extraordinary delay" (*Matter of Lawrence School Corp.*, 167 AD2d at 467-468) on the part of the Town (*see Rocky Point Drive-In, L.P. v Town of Brookhaven*, 37 AD3d 805, 808 [2007]; *Matter of Huntington Ready-Mix Concrete v Town of Southampton*, 104 AD2d 499, 500 [1984]; *Marsh v Town of Huntington*, 39 AD2d 945 [1972]), and for a new determination on the petition thereafter.

In light of our determination, the Town's remaining contention need not be reached. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.