Matter of Riverkeeper, Inc. v New York City Dept. of Envtl. Protection (2023 NY Slip Op 01679)

Matter of Riverkeeper, Inc. v New York City Dept. of Envtl. Protection

2023 NY Slip Op 01679

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-05093
 (Index No. 6106/19)

[*1]In the Matter of Riverkeeper, Inc., et al., appellants,
v
New York City Department of Environmental Protection, respondent.

Pace Environmental Litigation Clinic, Inc., White Plains, NY (Todd D. Ommen of counsel; Taylor G. Keselica on the brief), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (MacKenzie Fillow and D. Alan Rosinus, Jr., of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent/defendant to comply with certain provisions of the Sewage Pollution Right to Know Act (ECL 17-0826-a) and action for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated May 28, 2020. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint and dismissed the proceeding/action.
ORDERED that the order and judgment is reversed, on the law, with costs, the respondent/defendant's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint is denied, and the petition/complaint is reinstated.
The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent/defendant, New York City Department of Environmental Protection (hereinafter DEP), to comply with certain provisions of the Sewage Pollution Right to Know Act (ECL 17-0826-a) and action for related declaratory relief. DEP moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint on the ground, inter alia, that the petition/complaint failed to state a cause of action. The Supreme Court granted the motion, and the petitioners appeal.
"On a motion pursuant to CPLR 7804(f) to dismiss a petition, only the petition is to be considered, all of its allegations are to be deemed true, and the petitioner is to be accorded the benefit of every possible inference" (Matter of Golden Horizon Terryville Corp. v Prusinowski, 63 AD3d 930, 934; see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream, 17 AD3d 472, 473; see also Matter of Irfan v Vullo, 168 AD3d 733, 734; Matter of Fanizzi v Planning Bd. of Patterson, 146 AD3d 98, 107). On a motion pursuant to CPLR 3211(a)(7), "[c]ourts may consider extrinsic evidence outside of the pleading's four corners to help determine whether the pleading party has a cause of action, as distinguished from whether the pleading simply states a cause of action" (Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804). However, affidavits submitted by a movant "will almost never warrant dismissal under CPLR 3211 unless they establish [*2]conclusively that [petitioner] has no [claim or] cause of action" (Lawrence v Graubard Miller, 11 NY3d 588, 595 [emphasis and internal quotation marks omitted]; see Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328).
Here, the petition/complaint alleges, inter alia, that DEP has failed to comply with certain provisions of the Sewage Pollution Right to Know Act requiring mandatory reporting of events involving combined sewer overflows (see ECL 17-0826-a[1], [2]). In support of its motion, DEP essentially argued that the record, including an affidavit from a DEP Deputy Commissioner, shows that it did not violate the subject statutory provisions. However, the allegations asserted in the petition/complaint demonstrated the existence of a "bona fide justiciable controversy" (Matter of Golden Horizon Terryville Corp. v Prusinowski, 63 AD3d at 933 [internal quotation marks omitted]), and therefore, that branch of DEP's motion which was to dismiss the cause of action for mandamus relief should have been denied (see id.; Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream, 17 AD3d at 474; Matter of Zaidins v Hashmall, 288 AD2d 316, 316-317).
The petition/complaint also states a viable cause of action for declaratory relief. A motion to dismiss the complaint in an action for a declaratory judgment "'presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration'" (DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728, quoting Staver Co. v Skrobisch, 144 AD2d 449, 450). "[W]here a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy,' a motion to dismiss that cause of action should be denied" (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [citations omitted], quoting CPLR 3001).
Here, the petition/complaint, when viewed in the light most favorable to the petitioners (see Leon v Martinez, 84 NY2d 83), sufficiently alleged that DEP violated the applicable statutory provisions (see Matter of Golden Horizon Terryville Corp. v Prusinowski, 63 AD3d at 934; see also Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d 678, 681). In addition, the petition/complaint adequately alleged that the petitioners suffered a specific injury for the purpose of the cause of action for declaratory relief (see Village of Islandia v County of Suffolk, 162 AD3d 715, 717; Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1225; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728). Accordingly, the Supreme Court erred in granting that branch of DEC's motion which was to dismiss the cause of action for declaratory relief.
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court